UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA DUNN,<br><br>        Plaintiff,<br><br>    v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant. | Case No. 1:25-cv-00961-EPG<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT LONG FORM APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE WITHIN THIRTY DAYS<br><br>(ECF No. 2). |

        Plaintiff Alana Dunn filed this case against the Social Security Administration on August 5, 2025. (ECF No. 1). With the complaint, Plaintiff submitted a "short form" application to proceed *in forma pauperis* (IFP) (ECF No. 2). For the reasons described below, the Court will direct Plaintiff to file a long form IFP application—*i.e.*, a form that provides more information about Plaintiff's finances.

        Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). Rather, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234. However, "it is proper and indeed essential for the

supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). And under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue."

With these standards in mind, the Court notes that Plaintiff was recently denied IFP status in another case in this District based on information in her long form IFP application, which was signed under penalty of perjury. *Dunn, et al., v. Bristol West, et al.*, 1:25-cv-00563-KES-SAB (ECF Nos. 8, 13). Specifically, Plaintiff was found to be able to afford the filing fee because her long form application showed that her average month income was $8,580 or $102,960 per year. (ECF No. 8, p. 3). And while her "claimed expenses per month exceed[ed] her claimed monthly income," the information provided showed that Plaintiff could "pay the filing fee with acceptable sacrifice to other expenses," such as her "monthly recreational expenses exceeding $500." (*Id.* at 4).

In the instant IFP application now before this Court, Plaintiff provides information that is inconsistent with her long form IFP application in 1:25-cv-00563 or is otherwise unclear. For example, Plaintiff indicates that she receives $36,094.80[1] annually for her children's SSI benefits, but in her long form IFP application in the previous case she stated that she received $47,760[2] annually. Additionally, Plaintiff now indicates that, as of August 2025, she owes about $50,000 on her vehicle, but in her June 2025 long form application she stated that she owed $42,500. Moreover, there are various discrepancies concerning Plaintiff's reoccurring bills, *e.g.*, her current IFP application indicates that she pays $620 per month for furniture, but no such expense was clearly laid out on her long form IFP application. Lastly, Plaintiff's expenditure of over $500 on recreation, listed on her long form IFP application, is not listed on her current IFP application.

Thus, in order to fully comprehend Plaintiff's financial situation, and with the understanding that Plaintiff may be subject to sanctions for misrepresenting financial information in order to obtain IFP status, the Court will require that Plaintiff submit a long form IFP application.

---

[1] This is calculated as follows: $718.58 x 3 children x 12 months ($25,868.88) + $852.16 x 1 child x 12 months ($10,225.92) = $36,094.80 total.

[2] This is calculated as follows: $3,980 per month combined for Plaintiff's children x 12 months.

Accordingly, IT IS ORDERED that:

1. The Clerk of the Court shall send Plaintiff a long form IFP application (AO 239).
2. Within thirty (30) days of the date of service of this order, Plaintiff shall submit the attached IFP application, completed and signed under penalty of perjury, or in the alternative, pay the $405.00 filing fee for this action.
3. No requests for extension will be granted without a showing of good cause. <u>Failure to comply with this order may result in dismissal of this action.</u>

IT IS SO ORDERED.

Dated:   **August 8, 2025**                    /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE

3